IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

AUTO ADVENTURE INC ）
and GARY COE, ）
                              ）
          Plaintiffs, ）   TC-MD 150132C
                              ）
     v. ）
                              ）
MULTNOMAH COUNTY ASSESSOR, ）
                              ）
          Defendant. ）   **FINAL DECISION**

This Final Decision incorporates without change the court's Decision, entered September 24, 2015. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* TCR-MD 16 C(1).

Plaintiffs appealed the tax liability of personal property identified as Account P503861 (subject property) for the 2014-15 tax year. A trial by telephone was held on September 8, 2015. Plaintiff Gary Coe (Coe) appeared on behalf of Plaintiffs. Lindsay Kandra (Kandra), Assistant County Attorney, appeared on behalf of Defendant. Kandra did not put on any witnesses, explaining that the issue was largely a legal question rather than a factual one. No exhibits were received from Plaintiffs.

## I. STATEMENT OF FACTS

Coe testified that Auto Adventure Inc (the company) operated in space leased from a third party, and had been in operation for a number of years prior to 2014. The parties agreed at the commencement of trial that the company filed a personal property tax return for the 2014-15 tax year, signed by Plaintiffs' comptroller on February 28, 2014. (Def's Ex A at 1-2.) That return reported 32 assets that were being used by the company. (*Id*.) Coe testified on cross-examination that all 32 items listed on page 2 of the personal property return were onsite and in

FINAL DECISION  TC-MD 150132C                                             1

use by Plaintiffs on January 1, 2014. Coe testified that although the personal property was in use on January 1, 2014, and did have value at that point, most of that property had no value after the business closed in March of 2014. Coe testified that when the company closed in March, much of the company's personal property reported on its return for the tax year at issue was thrown into a dumpster, although Plaintiffs retained some assets to sell after the company ceased operating.

Plaintiffs have requested "waiver" of the January 1, 2014, assessment date because the company was liquidated during March 2014, which is several months before the beginning of the 2014-15 tax year.

## II. ANALYSIS

The issue in this case is whether taxpayers who own and use taxable personal property for business purposes on the assessment date – but cease using and dispose of the property before the beginning of the tax year – are legally responsible for payment of the taxes. Under ORS 308.007,[1] the "assessment year" is a 12-month calendar year beginning on January 1, but the "tax year" is a 12-month fiscal year beginning six months later, on July 1.

Assessors are required to assess all personal property for taxation unless a statue specifically provides otherwise. ORS 308.105(1). That assessment must take place "as of the day and hour of assessment prescribed by law." *Id*. The day and hour so prescribed falls each year on January 1 at 1:00 a.m. ORS 308.250.

Personal property may be assessed to its owners, its possessors, or both. ORS 308.105(2). It is assessed to "all persons * * * owning or having possession or control of

/ / /

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

taxable personal property on January 1, at 1:00 a.m. of the assessment year."
ORS 308.215(1)(b)(A).

In the present case, the tax year at issue is 2014-15, and therefore the assessment date was January 1, 2014. *See* ORS 308.007(1)(a); ORS 308.250. Plaintiffs do not dispute that the company both owned and possessed the subject property on January 1, 2014. Because all personal property must be assessed to its owner or possessor unless a statute specifically provides otherwise, Defendant properly assessed the taxation of the subject property to the company.

Plaintiffs' argument hinges on their disposal of the majority of the subject property at some point between the assessment date and the beginning of the 2014-15 tax year on July 1, 2014. However, Plaintiffs have not identified a statute that specifically exempts personal property from taxation that has been disposed of after the assessment date but before the beginning of the tax year, and the court is unaware of such a statute.[2]

## III. CONCLUSION

The court concludes that Defendant properly assessed taxes on the subject personal property, identified as Account P503861, to Plaintiff Auto Adventure, Inc, the property's owner as of the January 1, 2014, assessment date. The fact that Plaintiff Auto Adventure, Inc disposed of the property before the commencement of the tax year, which started on July 1, 2014, does not change the outcome. Now, therefore,

/ / /

/ / /

---

[2] Under ORS 308.428, taxpayers may apply to their county assessors to change the assessment date of real or personal property "destroyed or damaged by fire or act of God" before the commencement of the tax year. However, Plaintiffs have not alleged that their disposal of the subject property was due to either of these causes.

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this ____ day of October 2015.


_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was filed and entered on October 12, 2015.*